UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KENNETH TRAMMELL,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Respondent. | No.  1:20-cv-01448-NONE-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS § 2254 PETITION<br><br>(Doc. Nos. 1, 6) |

Petitioner Nicholas K. Trammell, a state prisoner proceeding *in propria persona*, has petitioned this federal court for writ of habeas corpus pursuant to 28 U.S.C. § 2254, even though his state petitions for writs of habeas corpus asserting the same claims are still pending in the California Court of Appeal and California Supreme Court. (Doc. No. 1 at 5–6.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge.

"A federal court may not grant habeas relief to a state prisoner unless the prisoner has first exhausted his state court remedies." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009).  Because petitioner has yet to exhaust his state court remedies, the assigned magistrate judge, on October 15, 2020, recommended that the instant federal habeas petition be dismissed for lack of jurisdiction.  (Doc. No. 6.)  Petitioner has not objected to the magistrate judge's findings and recommendations, and the time to do so has passed.

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case.  The court concludes that the pending findings and recommendations are supported by the record and proper analysis and will adopt the findings and recommendations.

In addition, the court declines to issue a certificate of appealability.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations (Doc. No. 6), filed October 15, 2020, are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;
3. The court DECLINES to issue a certificate of appealability; and
4. The clerk of court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated:  **February 2, 2021**

_____
UNITED STATES DISTRICT JUDGE

2